UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2013 SEP -3  PM 4: 40

BY _____
DEPUTY CLERK

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )
) Civil Action No. 2:13-CV-238
VERMONT ASBESTOS GROUP, )
INC., )
)
Defendant. )

## COMPLAINT

The United States of America, by and through its undersigned attorneys, by the authority of the Attorney General of the United States, and on behalf of the United States Environmental Protection Agency ("EPA"), alleges:

### NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 106, 107(a) and 113(g) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606, 9607(a), and 9613(g). In this action, the United States seeks injunctive relief requiring Defendant to perform response actions at the Vermont Asbestos Group Mine Superfund Site in Lowell and Eden, Vermont (the "Site"). The United States also seeks to recover costs incurred and to be incurred in response to the release and/or threatened release of hazardous substances at and/or from the "Site," together with accrued interest. The United States

further seeks a declaration, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that is binding as to liability in any subsequent action for response costs that may be incurred by the United States in connection with the Site.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, and 28 U.S.C. §§ 1331(a) and 1345.

3. Venue is proper in this District pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b), because the release or threatened release of hazardous substances that gave rise to the claim occurred in this judicial District.

## DEFENDANT

4. Vermont Asbestos Group, Inc. ("Defendant") is a corporation established under the laws of Vermont. It maintains a mailing address of 120 Northgate Plaza, Morrisville, Vermont 05661.

## GENERAL ALLEGATIONS

5. The Site is the location of a former chrysotile asbestos mine that was in operation from at least the 1930's to 1993. The Defendant operated the mine from 1975 to 1993, and has owned the mine since 1975. It is the current owner of the Site.

6. The Defendant mined asbestos at the Site by mechanically separating asbestos fibers that are embedded in ore-bearing rock. The mining process a created significant quantity of mine tailings that remain on the Site. These tailings contain residual asbestos that were not removed by the mining process. Asbestos is a hazardous substance within the meaning of Section 101(14) of CERCLA, 42 U.S.C § 9601(14).

7. Defendant's mining and milling operations left behind hundreds of acres of asbestos-contaminated waste rock and tailings. Some of the waste rock and tailings were concentrated in piles on the Site.

8. Some of the waste piles have eroded significantly since 1993 carrying asbestos containing material into areas and waterways surrounding the Site.

9. In 2005, the Vermont Department of Environmental Conservation ("VT DEC") conducted several studies at the Site to determine the impact of the asbestos mine tailings on area watersheds. The studies found hazardous substances at the Site, as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), including asbestos fibers in streams and tributaries; magnesium and nickel in surface water samples; and chromium, nickel, and iron in sediment samples.

10. EPA determined that certain response actions were necessary to respond to the release or threatened release of hazardous substances from the Site and the resulting harm or threat of harm to the public health or welfare or the environment.

11. EPA undertook removal action activities, pursuant to Section 104 of CERCLA, 42 U.S.C. § 9604, to respond to the release or threatened release of hazardous substances from the Site. The removal action activities included without limitation: the construction of deposition basins, water-bars, diversion trenches, and berms to prevent contaminated runoff from reaching off-site water bodies.

12. EPA's activities in response to the release or threat of release of hazardous substances at the Site, including all enforcement activities related thereto, constitute response actions, as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

## FIRST CLAIM FOR RELIEF

13. Paragraphs 1-12, above, are realleged and incorporated herein by reference.

14. The President, through his delegate, the Regional Administrator of EPA Region I, has determined that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of a release or threatened release of hazardous substances at and from the Site.

15. Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), authorizes the United States to bring an action to secure such relief as may be necessary to abate a danger or threat at the Site.

16. EPA has determined that continuing response actions to maintain the integrity of the erosion mitigation structures constructed by EPA are necessary to abate the dangers or threat at the Site.

17. Pursuant to Section 106(a) of CERCLA, 42, U.S.C. § 9606(a), the Defendant is liable to perform the operation and maintenance, which is necessary to abate the endangerment to the public health or welfare or the environment caused by the Site.

## SECOND CLAIM FOR RELIEF

18. Paragraphs 1 through 17, inclusive, are realleged and incorporated herein.

19. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

20. Threatened and actual "releases" of "hazardous substances" within the meaning of Sections 101(14) and (22), and 107(a) of CERCLA, 42 U.S.C. §§ 9601(14) and (22) and 9607(a), have occurred and continue to occur into the environment and at and from the Site.

21. At times relevant to this action, hazardous substances were disposed of at the Site, as the term "disposal" is defined in Section 101(29) of CERCLA, 42 U.S.C. §§ 9601(29).

22. Hazardous substances were released and/or threatened to be released at the Site, as the term "release" is defined in Section 101(22) of CERCLA, 42 U.S.C. §§ 9601(22).

23. Defendant Vermont Asbestos Group, Inc. is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

24. The United States has incurred "response costs," as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), for actions taken in response to the release and/or threat of release at the Site. The United States has incurred at least $3,360,082 in unreimbursed response costs at the Site.

25. These costs incurred by the United States in connection with the Site were not inconsistent with the National Oil and Hazardous Substance Pollution Contingency Plan ("NCP"), 40 C.F.R. Part 300.

26. Defendant is liable for all unreimbursed response costs incurred by the United States regarding the removal action at the Site.

27. Pursuant to Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), Defendant is the owner and operator of the Site. Also, pursuant to Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), Defendant was the owner and/or operator at the time of disposal of hazardous

substances at the facility from which there was a release and/or threatened release of hazardous substances.

28.     The Defendant is jointly and severally liable to the United States pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), for all unrecovered response costs incurred and to be incurred by the United States in connection with the Site.

29.     The releases and threatened releases of hazardous substances at or from the Site have caused and will cause the United States to incur response costs in connection with the Site in addition to those incurred to date.  Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), in any action for recovery of response costs, this Court shall enter a declaratory judgment on liability for response costs that will be binding on any subsequent action or actions to recover further response costs.

## REQUEST FOR RELIEF

WHEREFORE, the plaintiff United States of America requests that this Court:

1.      Order Defendant to perform the operation and maintenance of the erosion mitigation structures constructed by EPA during the 2007 and 2008 removal action.

2.      Enter judgment in favor of the United States, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), holding Defendant liable for all unreimbursed costs incurred and to be incurred by the United States at the Site, plus interest accrued thereon,;

3.      Enter a declaratory judgment regarding Defendant's liability for response costs that will be binding on any subsequent action or actions to recover further response costs regarding the Site;

4.  Award the United States its costs and disbursements in this action; and

5.  Grant such other and further relief as the Court deems appropriate.

        Respectfully submitted,

ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Room 2143
Washington, DC 20530

_____
DAVID L. GORDON
Trial Attorney
Environmental Enforcement Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: 202-514-3659
David.L.Gordon@usdoj.gov


TRISTRAM J. COFFIN
United States Attorney


JAMES J. GELBER
Assistant U.S. Attorney
Post Office Box 570
Burlington, VT 05402-0570
(802) 651-8221
James.Gelber@usdoj.gov

OF COUNSEL:

SARAH MEEKS
Enforcement Counsel
U.S. Environmental Protection Agency, Region I
5 Post Office Square, Suite 100
Boston, MA 02109-3912